UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER PHILLIP SMITH, | |
| Petitioner, | |
| v. | CAUSE NO. 3:24-CV-880-GSL-JEM |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Christopher Phillip Smith, a prisoner without a lawyer, filed a habeas petition under 28 U.S.C. § 2241 to challenge his conviction in Case No. 71D08-2007-F6-648. Following a bench trial, on January 28, 2024, the St. Joseph Superior Court sentenced him to eight years of incarceration with four years suspended pending a four-year term of probation.[1] Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The sole claim in the habeas petition is difficult to parse, but it appears to be the same argument asserted by Smith in his ongoing direct appeal, Case No. 24A-CR-464. Because the Indiana Court of Appeals has

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

not yet issued a ruling, the court finds that Smith has not exhausted State court remedies. Therefore, the court dismisses the habeas petition without prejudice to refiling once State court remedies have been exhausted.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging him to proceed further in federal court until Smith has exhausted his claims in State court.

For these reasons, the court:

(1) DISMISSES without prejudice the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claim is unexhausted;

(2) DENIES Christopher Phillip Smith a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on October 31, 2024

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT